**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
IRINA CHERNYAKHOVSKAYA, on behalf of :
herself and all other similarly situated, :
:
        Plaintiff, :  Civil Action No. 2:16-CV-01235-JLL-
: JAD
vs. :
: **REVISED FIRST AMENDED**
RESURGENT CAPITAL SERVICES  L.P., and : **CLASS ACTION COMPLAINT AND**
LVNV FUNDING LLC , : **JURY TRIAL DEMAND**
:
        Defendant. :
:
―――――――――――――――――――――X

Plaintiff IRINA CHERNYAKHOVSKAYA, on behalf of herself and all others

similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney,

alleges against the above-named Defendants RESURGENT CAPITAL SERVICES  L.P.,

and LVNV FUNDING LLC  (collectively" Defendants"), their employees, agents, and

successors, the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Based upon information and belief defendant RESURGENT CAPITAL SERVICES L.P. ("RESURGENT") is a limited partnership organized under the laws of the State of Delaware with its principle place of business located in Greenville, South Carolina.

9.      Based upon information and belief, Defendant LVNV FUNDING LLC, ("LVNV) is a Delaware limited liability company engaged in the business of collecting debts in this with its principal place of business located in Greenville, South Carolina.

10.     Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendants are each s a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class consists of:

•     All New Jersey consumers who were sent letters and/or notices from Defendants concerning a debt originally owed to Citibank (South Dakota), N.A. (the "Original Creditor") and now owned by LVNV in which the collection letter identified a balance which impermissibly included

3

interest, fees, penalties and other unauthorized charges.; or

- All New Jersey consumers who were sent letters and/or notices from Defendant, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

- The Class period begins one year prior to the filing of this Action.

13.   The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.   Whether Defendants violated various provisions of the FDCPA, including, but not limited to:  15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f and 1692f(f)(1);

4

b. Whether Defendants misrepresented the amount of the alleged debt;

c. Whether the Defendants demanded an amount owed that was greater than the actual balance due;

d. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

e. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

f. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

• Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

• A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of

this class action;

• A Class Action will permit large numbers of similarly situated persons

to prosecute their common claims in a single forum simultaneously

and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the

adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs

complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as

monetary damages.  If the Defendants conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.


**STATEMENT OF FACTS**

14.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

15.     Prior to 2005, Plaintiff allegedly incurred a financial obligation to

Citibank (South Dakota), N.A. ("Citibank").

16.     The Citibank obligation arose out of a transaction in which money,

6

property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The alleged Citibank' obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     Citibank was engaged in the business of extending credit to individuals in amounts less than $50,0000 that were not secured by a first mortgage. Based upon information and belief it did so more than 26 times per year in New Jersey.

20.     At some time prior to 2005, the Citibank' obligation became past due.

21.     At some time during 2005, the Debt was charged-off by Citibank.

22.     At the time that Citibank charged-off the account, the charge-off amount was approximately $4,959.61.

23.     Subsequently, upon information and belief, the Debt was sold one or more times, and was ultimately acquired by Defendant LVNV on or about December 30, 2011.

24.     When LVNV purchased the subject account, the debt was already delinquent and in default.

25.     Defendant LVNV then referred the Citibank obligation for collection to defendant RESURGENT.

26.     On or March 4, 2015, Defendants sent Plaintiff a collection letter with a balance due of $5,815.07 along with an Account Summary Report prepared by Defendant RESURGENT.   See, attached Exhibit A.

27.     The Account Summary Report indicated that the date of the last payment was September 15, 2004 and the account was charged off on March 30, 2005.

28.     The March 4, 2015 Account Summary Report also indicated that the balance due included interest in the amount of $855.46.

29.     The Account Summary Report attached to the March 4, 2015 collection letter indicates that "interest, payments, credits and permissible charges can continue to cause the account balance to vary from day to day…"

30.     At the time Defendants sent out the March 4, 2015 collection letter, neither Defendant was properly licensed under the New Jersey Licensed Lender Act, N.J.S.A. § 17:11C-1, *et seq.*

31.     Since LVNV was not a licensed consumer lender in New Jersey, it was not allowed to collect interest from Plaintiff.

32.     However, Defendants have charged Plaintiff interest in excess of the limits imposed N.J.S.A. section 31:1-1 and have attempted to collect such interest.

33.     Plaintiff did not owe the $855.46, or if she did, it was an unreasonable collection fee, cost, or interest.

34.     Defendants were not entitled to demand $855.46 in interest from Plaintiff.

35.     The March 4, 2015 collection letter was sent to Plaintiff in connection with the collection of the Citibank obligation.

36.     LVNV was not entitled to seek payment nor collect interest for any consumer loans since it was not a New Jersey licensed consumer lender.  See, Veras v. LVNV Funding, LLC, 2014 WL 1050512, (D. N.J. Mar. 17, 2014).

37.     Defendant Resurgent, an agent of unlicensed LVNV, was not entitled to seek payment nor collect interest on behalf of Defendant LVNV.

38.    Additionally, based upon information and belief, Defendants were not entitled to collect any post charge-off interest, since such interest was expressly or implicitly waived by Citibank or when Citibank sold the account it did not sell the right to continue the collection of interest.

39.    The March 4, 2015 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

40.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

41.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

42.    Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

43.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

44.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendants.

45.    Plaintiff had the right to receive from Defendants accurate information as to amount of the debt.

46.    Defendants' March 4, 2015 collection letter which unlawfully sought the collection of interest caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information as to the actual amount of the alleged debt that she owed.

47.    Defendants' communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

49.     As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of defendants' failure to provide Plaintiff information required under the FDCPA.

50.     Plaintiff's receipt of a collection letter which wrongly assessed interest is a concrete injury.

51.     The failure of Defendants to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

52.     Defendants failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file  for bankruptcy, etc.

53.     Defendants' providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact her ability to get credit, and can subject her to higher borrowing cost in the future.

54.     The deceptive communication additionally violated the FDCPA since it

frustrated Plaintiff's ability to intelligently choose his or her response.

55.     Within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

56.     Within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that included a collection fee, interest or other fee that it was not entitled to.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

57.     Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were set forth at length.

58.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with his collection attempts against Plaintiff and others similarly situated.

59.     By sending collection letters, the same as or substantially similar to the March 4, 2015 letter, which identified an amount owed that was greater than the actual balance due, violated several provisions of the FDCPA, including, but not limited:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(10) of the FDCPA by of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

F. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
      September 6, 2016

                                            Respectfully submitted,

                                  By: s/ Lawrence C. Hersh
                                     Lawrence C. Hersh, Esq.
                                     17 Sylvan Street, Suite 102B
                                     Rutherford, NJ  07070
                                     (201) 507-6300
                                     *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

      I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding. Plaintiff does note that she is also the

Plaintiff in Chernyakhovskaya v. Allied Interstate LLC, 16-cv-02761, JLL-JAD which

was filed on May 16, 2016, after the filing of the original complaint in the present matter.

Dated: September 6, 2016               By: s/ Lawrence C. Hersh

                                       Lawrence C. Hersh, Esq

EXHIBIT A



55 Beattie Place, Ste. 110, MS 576
Greenville, SC 29601

Toll Free Phone   1-888-665-0374
Toll Free Fax     1-866-467-0163
http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

March 4, 2015

Original Creditor:  Citibank (South Dakota), N.A.
Current Owner:      LVNV Funding LLC
Account Number:     ▮▮▮▮▮
Balance:            $5,815.07

Irina Chernyakhovskaya
2 Ramsey Ter
Fair Lawn NJ 07410-3303

▮▮▮▮▮

OCADD

Dear Irina Chernyakhovskaya :

This letter is in response to your questions regarding the status of the above referenced account. The current balance reflected on this account is $5,815.07.   This account was acquired from North Star Capital Acquisition LLC on 12/30/2011.

Should you desire to pay on this account, please contact us at the toll free number as noted above.

Please find the enclosed Account Summary which provides verification of the debt.  The address to the original creditor is as follows:

    Citibank (South Dakota), N.A.
    701 East 60th Street
    Sioux Falls SD 57117
    1-800-846-8444

If we can be of further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

For your convenience, you may submit your payment online at **www.rcspay.com**. You may also send your payment to the address listed below:

    Resurgent Capital Services L.P.
    PO Box 10466, MS 576
    Greenville, SC 29603

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

Enclosure

***Please read the following important notices as they may affect your rights.***

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

## ACCOUNT SUMMARY REPORT
### 3/4/2015 4:00:32 PM

*This account summary has been prepared by <u>Resurgent Capital Services</u> on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.*

| Borrower Information | | Current Account Information | |
|---|---|---|---|
| **Name:** | IRINA CHERNYAKHOVSKAYA | **Owner** | LVNV Funding LLC |
| **Address:** | 2 Ramsey Ter | **Resurgent Reference #** | ▮66 |
| **City:** | Fair Lawn | **Original Creditor** | Citibank (South Dakota), N.A. |
| **State:** | NJ | **Account Number** | XXXX7293 |
| **Zip Code:** | 07410-3303 | **Date of Last Payment** | 09/15/2004 |

### Current Balance Summary

| | Owed | Collected | Balance |
|---|---|---|---|
| Principal | $4,959.61 | - | $4,959.61 |
| Interest | $855.46 | - | $855.46 |
| **Total** | $5,815.07 | - | $5,815.07 |

| **** The current balance due on this account is: | $5,815.07 | **** |
|---|---|---|

*Because interest, payments, credits, and permissible charges can continue to cause the account balance to vary from day to day, authorized persons may contact us at 1-888-665-0374 to obtain up-to-date balance information.*

### Historical Account Information

| | |
|---|---|
| The original creditor for this account was: | Citibank (South Dakota), N.A. |
| The origination date with original creditor was: | 07/01/2000 |
| The account charge-off date was: | 03/30/2005 |
| The account was acquired on or about: | 12/30/2011 |
| The account was acquired from: | North Star Capital Acquisition LLC |
| The account balance at time of acquisition: | $4,959.61 |

*This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.*