UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————————X
                                :

IRINA CHERNYAKHOVSKAYA, on behalf of  :
herself and all other similarly situated,    :
                                :

          Plaintiff,          :   Civil Action No. 16-cv-01235-JLL-JAD
                                :

vs.                            :
                                :

RESURGENT CAPITAL SERVICES  L.P., and  :
LVNV FUNDING LLC ,              :
                                :

          Defendant.         :
                                :
———————————————————————X

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FED. R. CIV. P. 12(C) AND TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION**

---

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all
others similarly situated*

## <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ........................................................................ iii

Introduction.................................................................................... 1

Statement of Facts .......................................................................... 1

Procedural History .......................................................................... 2

Summary of Argument ..................................................................... 4

Argument .......................................................................................... 5

I.      PLAINTIFF HAS ALLEGED A CONCRETE INJURY-IN-FACT AND THUS
        HAS STANDING UNDER ARTICLE III TO PROCEED WITH THIS
        LAWSUIT…………………………………………...........................................5

        A.  Plaintiff Sufficiently Alleged a Concrete Injury ................................7

        B.  In its November 21, 2016 Order, this Court Determined that Plaintiff has
            Sufficiently Alleged a Concrete Injury in Fact in its Amended Complaint ....9

        C.  Recent Court Decisions in this District Overwhelmingly Confirm that
            Plaintiff has Standing under Article III to Bring her FDCPA
            claims……………………………………………………………….....10

II.     PLAINTIFF HAS STATED CLAIMS UNDER BOTH SECTIONS
        1692e AND 1692f OF THE FDCPA ....................................................12

        A.  Defendants were not Licensed Under the New Jersey Consumer
            Finance Licensing Act and thus Were Not Entitled To Collect Post
            Charge-off Interest……………………………………………..…… 13

        B.  In the Court's November 21, 2016 Order, the Court Already Determined
            that Plaintiff's Amended Complaint states Claims under Section 1692e
            and 1692f of the FDCPA...…………………………………………17

        C.  The Purported Agreement Attached To Defendants' Moving Papers Is
            Extrinsic Evidence Which Cannot Be Properly Relied Upon by the Court
            For Purposes Of Defendants' Motion for Judgment on The Pleading Under

FRCP, Rule 12(c) …………………………………………………………..18

CONCLUSION.................................................................................................................20

# **TABLE OF AUTHORITIES**

## Cases

Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 369 (3d Cir. 2011) ............... 16

Bock v. Pressler  Pressler, LLP , Civ. No. 11-7593, 2017 WL 2304643 (D.N.J. May 25, 2017) ............................................................................................................... 11

Carney v. Goldman, 2016 WL 7408849 at *5 (D.N.J. Dec. 22, 2016, Martinotti, J)....... 11

Constitution Bank v. DiMarco, 815 F. Supp. 154, 157 (E.D. Pa. 1993) ......................... 18

Finkelman v. Nat'tl Football League, 810 F.3d 187, 192 (3d Cir. 2016) .......................... 5

Fiorenzano v LVNV Funding, LLC, 2012 WL 2562415 (D.R.I. June 29, 2012) ........... 14

Fuentes v. Ar. Res, Inc., 2017 WL 1197814 (D.N.J. Mar. 31, 2017, Wolfson J.)........... 11

Gaetano v. Payco of Wis., Inc., 774 F. Supp. 1404, 1414-15 (D. Conn. 1990)............... 14

Genova v. IC Systems, Inc., 2017 WL 2289289 (D.N.J. May 25, 2017, Arleo, J) .......... 11

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) .............. 19

In re Nickelodeon Consumer Privacy Litig., 2016 WL 3513782 (3d Cir. June 27, 2016) . 6

Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988)....... 18

Kuhn v. Asset Acceptance Capital Corp., 2015 WL 1505648 (S.D. Ind. 2015) ............. 20

Lopez v. Law Offices of Faloni  & Assocs., LLC, No. 16-01117 (D.N.J. June 2, 2017, Wigenton, J.)....................................................................................................... 10

Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560 (1992) ..................................................... 5

Pisarz v. GC Servs. Ltd. P'ship, 2017 WL 1102636 (D.N.J. Mar. 24, 2017).................. 11

Russey v. Rankin, 911 F. Supp. 1449, 1459 (D.N.M. 1995) ........................................... 14

Spokeo, Inc. v. Robins, 136 S.Ct. 1540 (2016) ........................................................ *passim*

Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F.Supp.2d 307, 314  (D.N.J. 2010) ........................................................................................................... 16, 19

Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (E.D. Pa. 1998).......... 18

Terech v. First Resolution Mgmt. Corp., 854 F.Supp.2d 537 (N.D. Ill. 2012)................. 20

Thomas v. Youderian, 2017 WL 1250988, at *7 (D.N.J. Feb 3, 2017, McNulty, J.)....... 11

Veras v. LVNV Funding, LLC, 2014 WL 1050512 (D.N.J. Mar. 17, 2014) ............ *passim*

**Statutes**

15 U.S.C. § 1692e ........................................................................................................... *passim*

15 U.S.C. § 1692f ........................................................................................................... *passim*

## INTRODUCTION

Defendants' bring this second Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) and to dismiss for lack of subject matter jurisdiction.  However, on November 21, 2016 (Dkt. No. 20), this Court granted previously granted Plaintiff's Motion for Leave to File an Amended the Complaint.  In its November 21 decision, this Court rejected the same arguments which Defendants now bring as part of this second Motion under Rule 12(c).  Based upon this Court's November 21, 2016 Order, and recent case law in this District, Defendants' present motion under Rule 12(c) and to dismiss for lack of subject matter jurisdiction must be denied.

## STATEMENT OF FACTS

Prior to 2005, Plaintiff allegedly incurred a financial obligation to Citibank (South Dakota), N.A. ("Citibank") related to a consumer debt.  (Rev. Amended Compl., ¶¶ 15-16).  The Citibank obligation is a "debt" within the meaning of the FDCPA.  (Rev. Amended Compl., ¶ 17).  Plaintiff is a "consumer" and Citibank is a creditor within the meaning of the FDCPA.  (Rev. Amended Compl., ¶¶ 14, 18).  At some time prior to 2005, the Citibank obligation became past due and was charged off by Citibank.  (Rev. Amended Compl., ¶¶ 19-21).  At the time that Citibank charged off the account balance, the charge-off amount was approximately $4,959.61.  Subsequently, Citibank sold the "debt" one or more times, and the debt was ultimately acquired on or about December 30, 2011 by Defendant LVNV Funding LLC ("LVNV"), a debt buyer.   LVNV referred the

plaintiff's account to Defendant Resurgent Capital Services L.P ("Resurgent"), a debt collector, for purposes of collection.  (Rev. Amended Compl., ¶¶ 22-25).

On or about March 4, 2015, Defendants sent Plaintiff a collection letter indicating a balance owed of $5,815.07, along with an Account Summary Report prepared by Defendant Resurgent.  (Rev. Amended Compl., ¶ 26).  The March 4, 2015 Account Summary indicated that the balance due to Defendants included interest in an amount of $855.46.  (Rev. Amended Compl., ¶¶ 27-28).  It is this March 4, 2015 collection letter, and the accompanying Account Report, which gives rise to the FDCPA violations which are the subject of this lawsuit.  At the time that the March 4, 2015 collection letter was sent to Plaintiff, LVNV was not a licensed consumer lender in the State of New Jersey.  As such, there was no basis for LVNV, a debt buyer, nor Resurgent, a debt collector, to attempt to collect either post charge-off interest or to seek payment on the debt from Plaintiff.  As such, Defendants' conduct violated sections 1692e and 1692f of the FDCPA.

## PROCEDURAL HISTORY

Plaintiff filed its initial Complaint on March 3, 2016.  Approximately two months later on May 16, 2016, the United States rendered its decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).  On May 26, 2016, Defendants, rather than filing a motion to dismiss based upon the Spokeo decision, instead chose to file an Answer to Plaintiff's Complaint.  (Dkt. 9).  Defendants then waited 2 ½ months until August 12, 2016, to file its first Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure, Rule 12(c), claiming that Plaintiff lacked standing under Article III of the U.S. Constitution and that Plaintiff did not have claims under sections 1692e and 1692f of the

FDCPA since the original credit card agreement between Plaintiff and the original creditor Citibank allowed Defendants to seek and collect interest.

In response to Defendants' filing of its first 12(c) motion, Plaintiff both opposed the Motion and filed a Motion for Leave to Amend her complaint in light of the Spokeo decision.   Based upon Plaintiff's Motion for Leave to Amend, Defendants' Motion for Judgment on the Pleadings was denied as moot, without prejudice and with the right to refile, pending a decision on the Motion to Amend.  (Dkt. No. 17).  The Court subsequently granted Plaintiff's Motion for Leave to File an Amended Complaint and Plaintiff filed her Revised Amended Complaint.   (Dkt. Nos. 20-21).

On December 14, 2016, Defendants filed an Answer to the Amended Complaint. (Dkt. No. 22).  Again, Defendants chose to file an Answer to the Amended Complaint rather than filing a 12(b)(6) Motion to Dismiss under Spokeo.

On May 3, 2017, there was a telephone status conference with the Court.  (Dkt. No. 27).  During the telephone conference, Defendants indicated that they would be filing another 12(c) Motion based upon Spokeo.  A few days later on May 8, 2017, Defendants filed their second Motion for Judgment on the Pleadings based upon Spokeo and seeking dismissal of the Amended Complaint for Plaintiff's failures to state a claim under 1692e and 1692f of the FDCPA.  (Dkt. No. 28).  In response to the filing of Defendants' 12(c) Motion, the Court scheduled a telephone conference with the parties to take place on May 17, 2017. (Dkt. No. 29).

During the May 17 telephone conference, the Court indicated to Defendants that it believed that it had erred in allowing Defendants to file another 12(c) motion, and indicated that based upon the Court's previous November 21, 2016 Order granting

Plaintiff's Motion for Leave to Amend, the Court had already addressed the <u>Spokeo</u> and other arguments raised in Defendant's second 12(c) Motion to Dismiss, thus rendering the motion moot.  Nevertheless, the Court directed Defendants to inform the Court via letter on or before May 19, 2017 as to whether or not they still intended to proceed with the motion.  On May 19, 2017, Defendants filed a five-page letter with the Court, indicating it would be proceeding with its second Motion for Judgment on the Pleadings, despite the Court's November 21, 2016 ruling and advisement.  (Dkt. No. 34.)

## SUMMARY OF ARGUMENT

Defendants present Motion for Judgment on the Pleading and to dismiss for lack of subject matter jurisdiction must be denied.   First, Plaintiff has alleged a concrete injury-in-fact, and as such, Plaintiff has standing to bring her claims under Article III of the United States Constitution.  In her Amended Complaint, Plaintiff has sufficiently alleged a concrete injury within the meaning of <u>Spokeo.</u>   In its November 21, 2016 Order, this Court explicitly made such a finding that Plaintiff has alleged a concrete injury when it granted Plaintiff's Motion for Leave to Amend its Complaint. Additionally, recent case law in this district has overwhelming held that violations of the FDCPA, such as those alleged by Plaintiff in in the Amended Complaint, constitute a concrete injury and support Article III standing.

Second, Plaintiff has stated claims under both section 1692e and 1692f under the FDCPA.  Since Defendant LVNV was not a licensed New Jersey consumer lender at the time it sent out the March 4, 2015 letter, Defendants were neither allowed to seek collection of the original debt from Plaintiff nor collect interest on the underlying debt <u>Veras v. LVNV Funding, LLC</u>, 2014 WL 1050512 (D.N.J. Mar. 17, 2014).   As such,

even if LVNV was the current owner of Plaintiff's Citibank account and the original agreement between Plaintiff and Citibank provided for post-charge off interest, since Defendant LVNV was not a licensed consumer lender at the time, neither it nor Defendant Resurgent was permitted to collect on the debt nor entitled to collect interest on the debt from Plaintiff.

## ARGUMENT

### I. PLAINTIFF HAS ALLEGED A CONCRETE INJURY-IN-FACT AND THUS HAS STANDING UNDER ARTICLE III TO PROCEED WITH THIS LAWSUIT

Defendants argue that Plaintiff has failed to allege an injury-in-fact, and thus lacks standing under Article III to bring the present lawsuit.  (Deft's Memo of Law at pp. 10-23).  However, Defendants' claim is without merit, since Plaintiff has alleged a concrete injury in fact.

To establish Article III standing, a plaintiff must demonstrate:  (1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of; and, (3) a likelihood that the injury will be redressed by a favorable decision.  Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560 (1992).  To allege an injury-in-fact, "a plaintiff must claim 'the invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'"  Finkelman v. Nat'tl Football League, 810 F.3d 187, 192 (3d Cir. 2016).  A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way."  Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560 n.1 (1992).  It is "concrete" if it is "'de facto'; that is, it must actually exist" rather than being only "abstract."  Spokeo, Inc. v. Robins, 136 S.Ct. 1540 (2016).

The Supreme Court in Spokeo noted that intangible harms that "may be difficult to prove or measure," may give rise to Article III standing.  Id. at 1549-50.  The Court confirmed that "because Congress is well positioned to identify intangible harms that meet minimum Article III requirements . . . . [it] may elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." Id. (internal quotation marks omitted).  Essentially, "the question framed by [the Court's] discussion [is] whether the particular procedural violations alleged in [a] case entail a degree of risk sufficient to meet the concreteness requirement." *Spokeo*, 136 S. Ct. at 1550.  As such, the Supreme Court acknowledged that a violation of a statutory right may result in intangible harm which could be the basis of standing under Article III.

The Third Circuit recently discussed Spokeo's impact on Article III standing in In re Nickelodeon Consumer Privacy Litig., 2016 WL 3513782 (3d Cir. June 27, 2016).  In Nickelodeon, the plaintiff complained about the disclosure of information relating to his or her online behavior.  Id. at p. 24.  The Third Circuit found that while the harm was perhaps "intangible", the harm was also concrete in that it involved a clear de facto injury – the unlawful disclosure of legally protected information.   Id.  Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress' judgment, ought to remain private.  Id. at p. 24-25.  As such, the Court concluded that plaintiff's alleged intangible injury in fact, if true, was sufficient to establish Article III standing.  The Third Circuit properly observed that "in some cases an injury-in-fact may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Nickelodeon, 2016 WL 3513782 at *6.  Specifically, the Third Circuit addressed the Supreme Court's deference to Congress,

noting that "Spokeo directs us to consider whether an alleged injury-in-fact 'has traditionally been regarded as providing a basis for lawsuit,'" and "Congress's judgment on such matters is . . . 'instructive and important.'" *Id*. at *7 (quoting Spokeo, 136 S. Ct. at 1549).

### A.  **Plaintiff  has Sufficiently Alleged a Concrete Injury**

In the present case, Plaintiff has alleged sufficient injury in fact to support Article III standing.  Specifically, Plaintiff's claim arises out of the March 4, 2015 collection letter and the accompanying Account Summary Report.  (Rev. Amended Compl., ¶26). Plaintiff's complaint alleges that the March 4 collection letter unlawfully sought to collect an additional $855.46 in the form of an unreasonable collection fee, costs or interest in violation of multiple sections of the FDCPA.  (Rev. Amended Compl., ¶28). However, Defendants were not entitled to seek payment nor collect interest for any consumer loans since Defendant LVNV was not a licensed New Jersey consumer lender at the time the collection letter was sent.  Veras v. LVNV Funding, LLC, 2014 WL 1050512 (D.N.J. Mar. 17, 2014)  Specifically, Plaintiff alleges that Defendants used false, deceptive or misleading representations or means in connection with the collection of a debt in violation of section 1692e, that Defendants falsely represented the character, amount or legal status of a debt within the meaning of 1692e(2)(A), that Defendants falsely represented services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt within the meaning of 1692e(2)(B), that Defendants used false representation or deceptive means to collect or attempt to collect a debt from Plaintiff in violation of, 1692(e)(10), that that Defendants used unfair or unconscionable means to collect or attempt to collect any debt in violation of 1692f, and

that Defendants collected or attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 1692f(1). (Rev. Amended Compl., ¶59).

Plaintiff's harm arises from the fact she alleges that she was entitled to be provided by Defendants with information as to the true amount of any debt which she owed. (Rev. Amended Compl., ¶44). This information was to be the actual amount of the alleged debt that she owed, not an amount that included interest that Defendants were not entitled to collect. (Rev. Amended Compl., ¶ 45-46). It is important that Plaintiff receive correct and accurate information as to the amount of the debt since such information will dictate how Plaintiff will proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc. (Rev. Amended Compl., ¶47-52). The failure of Defendants to provide this information impeded Plaintiff's ability to make a well-reasoned decision. Defendants' conduct resulted in in a concrete injury. (Rev. Amended Compl., ¶49, 54). Furthermore, the Defendants' providing of incorrect and inflated debt information, can have a negative impact on Plaintiff's credit score, can impact her ability to get credit, and can subject her to higher borrowing cost: all of which are a direct result of Defendants' misrepresenting the amount of the debt owed and failing to provide Plaintiff with accurate and correct information as Congress intended by enacting the FDCPA. (Rev. Amended Compl., ¶53).

Plaintiff was entitled under the FDCPA to be provided with information regarding the actual amount that Plaintiff obligated to pay, if any, as well as whether or not Defendant LVNV was a New Jersey licensed consumer lender. The failure of

Defendants to provide accurate and correct information caused injury to Plaintiff,

subjecting her to the risk of paying money to an entity that was not entitled to collect it.

Thus, the allegations of the complaint when taken as a whole sufficiently allege a

concrete injury in fact, thus conferring the Court with Article III standing.

**B.  In its November 21, 2016 Order, this Court Determined that Plaintiff has alleged a Concrete Injury in Fact in its Amended Complaint**

In previously granting Plaintiff's Motion for Leave to File an Amended

Complaint, this Court already rejected the Arguments raised by Defendants in the present

motion, and which were originally raised in their first Motion to Dismiss.   (Dkt. No. 20)

In its November 21, 2016, this Court noted:

> Here, Plaintiff alleges that Defendants sent her communications that ran afoul of FDCPA provisions intended to protect her.  Thus, she has sufficiently alleged that Defendants invaded a legally protected interest, and that the invasion was both "actual" (i.e., not hypothetical) and particularized (i.e. she, rather than others, suffered the alleged invasion).  The Court must therefore focus on the sole remaining question in the standing analysis:  whether Plaintiff allegedly suffered a "concrete "injury.

(Dkt. No. 20 at pp 7-8).  After then analyzing what constitutes concrete injury for

purposes of Article III in light of Spokeo, the Court concluded:

> Here, Plaintiff alleges that, because Defendant LVNV was not properly licensed as required under New Jersey law, neither LVNV nor its agent, Defendant Resurgent, were authorized to attempt to collect Plaintiff's debt, let alone interest on that obligation (Revised First Am. Compl.  ¶¶ 30-37)).  Plaintiff alleges, based on the United States District Court for the District of New Jersey's decision in Veras, that, by nevertheless sending her a collection communication, Defendants violated the FDCPA.  (Id. ¶¶ 36-59).  The Court notes that at least one real risk of harm – the risk of paying money to an entity that was not entitled to collect it – is evident on the face of such allegations.  That risk of harm satisfies the "concreteness" requirement highlighted in Spokeo, and Plaintiff has therefore sufficiently alleged the sort of "injury in fact" sufficient to confer Article III standing.

(Dkt. No. 20 at p 9).  Thus, this Court  previously reached the conclusion that Plaintiff

sufficiently plead a concrete injury as required under <u>Spokeo</u>.[1]

C. **<u>Recent Court Decisions in this District Overwhelmingly Confirm that
Plaintiff has Standing under Article III to Bring her FDCPA claims</u>**

Since the Supreme Court's  <u>Spokeo</u> decision, several district courts in New Jersey

have concluded that allegations of violations of the FDCPA, similar to those alleged by

Plaintiff, are sufficient to confer Article III standing.

For example, in the recent decision of <u>Lopez v. Law Offices of Faloni  & Assocs.,

LLC</u>, No. 16-01117 (D.N.J. June 2, 2017, Wigenton, J.), Defendants had filed a motion to

dismiss an FDCPA complaint alleging that the Plaintiff lacked standing under Article III

of the U.S. Constitution, since Plaintiff failed to sufficiently allege that it had suffered an

injury in fact.  The Court, however, rejected Defendants' argument and found that the

alleged injury was particularized and concrete where Plaintiff accused Defendants (one of

which was LVNV) of mispresenting the legal status of the debt which Plaintiff allegedly

owed.  In denying the Defendant motion to dismiss, the Court found that Plaintiff had

alleged sufficient factual matter to satisfy Article III standing requirements.[2]

Similarly, several other recent New Jersey District Court decisions found the

concreteness requirement was satisfied where violations of the FDCPA were alleged.

---

[1] It is particularly noteworthy in Defendant's moving papers, that Defendants neither cite
to nor acknowledge the decision in <u>Veras v. LVNV Funding, LLC</u>, 2014 WL 1050512
(D.N.J.), despite Plaintiff's references to it in her Amended Complaint and Motion for
Leave to Amend, and the Court's citation to it in its November 21, 2016 Order.  Instead,
Defendants have chosen to ignore the decision as if it does not exist, even though LVNV
is a defendant in that case as well as the present case.

[2] The Plaintiff in <u>Lopez</u> similarly alleged that Defendant LVNV Funding, LLC was not
licensed as a New Jersey consumer lender.

For example, in Fuentes v. Ar. Res, Inc., 2017 WL 1197814 (D.N.J. Mar. 31, 2017, Wolfson J.), the Court found the concreteness requirement was satisfied where the plaintiff alleged a violation of the FDCPA where the defendant misrepresented that it was entitled to charge a fee that was neither authorized by law nor permitted by contract. Similarly, in Carney v. Goldman, 2016 WL 7408849 at *5 (D.N.J. Dec. 22, 2016, Martinotti, J), the Court stated that because the Plaintiffs have a personal statutory right under the FDC PA to be free from abusive debt collection practices and because the Plaintiff alleged facts plausibly showing Defendant violated that right, Plaintiff need not allege any additional harm.  See, also Thomas v. Youderian, 2017 WL 1250988, at *7 (D.N.J. Feb 3, 2017, McNulty, J.) (Decisions in this district "trend in favor of finding concrete injury under the FDCPA where the amount or validity of the debt has been misstated"); Bock v. Pressler  Pressler, LLP , Civ. No. 11-7593, 2017 WL 2304643 (D.N.J. May 25, 2017) (Court found concrete injury where deceptive implication that collection attorney was meaningfully involved in the preparation of the collection complaint against Plaintiff even though Plaintiff made no claim that he was sued by the wrong creditor, in the wrong venue, on the wrong debt or for the wrong amount); Pisarz v. GC Servs. Ltd. P'ship, 2017 WL 1102636 (D.N.J. Mar. 24, 2017) (allegation that a creditor failed to disclose its identity in a voice message left on plaintiff's cell phone in violation of plaintiff's statutory rights under sections 1692d and 1692e was sufficiently concrete to satisfy Article III standing); Genova v. IC Systems, Inc., 2017 WL 2289289 (D.N.J. May 25, 2017, Arleo, J) (Article III standing found where Plaintiff alleged that Defendant demanded the payment of a collection fee that had not been incurred and was not authorized by contract or law).

11

Thus, based upon this Court's previous findings with respect to Plaintiff's Motion for Leave to Amend, and mulitple recent decisions post-<u>Spokeo</u> in this district which have overwhelming found concrete injury and Article III standing for violations of the FDCPA, Defendants' Motion to Dismiss for Lack of S tanding must be denied.

## II.  PLAINTIFF HAS STATED CLAIMS UNDER BOTH SECTIONS 1692e AND 1692f OF THE FDCPA

In argument "B" of their memorandum of law, Defendants claim that Plaintiff has failed to plead a violation of FDCPA section § 1692f because the Checking Plus Account Agreement ("the purported Agreement") attached to their moving papers authorizes Defendants to charge interest.  (Def. Mem. of Law, pp. 23-30).   In argument "C" of their memorandum of law, Defendants argue that Plaintiff has also failed to state a claim under § 1692e of the FDCPA since the least sophisticated consumer would not find the language in the collection letter to be false, deceptive or misleading.  (Def. Mem. of Law, pp. 30-34).

However, as discussed below, since Plaintiff has stated valid claims under both 1692e and1692f, Defendants' motion for judgment on the pleadings must be denied Since the reasons for denying Defendants' motion to dismiss are substantially related, and substantially rely on the reasoning in <u>Veras</u>, both of Defendants "B"  and "C" arguments with respect to 1692f and 1692e, respectively, will be addressed together.

12

**A. Defendants were not Licensed Under the New Jersey Consumer Finance Licensing Act and thus Were Not Entitled To Collect Post Charge-off Interest**

Irrespective of whether or not the purported Agreement provided for the collection of interest after default, Defendants were not entitled to collect payment on the alleged debt nor collect interest since Defendant LVNV was not licensed under the New Jersey Consumer Finance Licensing Act (NJCFLA).[3]

The recent case of Veras v. LVNV Funding, LLC, 2014 WL 1050512, (D. N.J. Mar. 17, 2014) is instructive and directly on point with respect to the issues raised in Defendants' pending motion regarding claims under both 1692e and 1692f.  In Veras, Plaintiff Veras obtained a credit card from HSBC in December 2008.  When HSBC closed Veras' account in approximately November 2010, Plaintiff's outstanding balance was $1,404.00.  Approximately a year and a half later in March 2012, Defendant MRS, a debt collector working on behalf of Defendant LVNV, sent Veras a letter claiming that LVNV had purchased Veras' account from HSBC, and as of that date, the outstanding balance on the account was $1,796.48 – significantly higher than the amount that HSBS had originally sought.  Subsequently, Plaintiff Veras filed a class action lawsuit against LVNV and MRS alleging violations of sections 1692e and 1692f of the FDCPA based upon the fact that LVNV was not licensed under the NJCFLA and therefore neither it, nor its agent MRS, were entitled to collect post charge-off interest.

In response to the Veras' filing of the lawsuit, LVNV and MRS filed a motion under Rule 12(b)(6) to dismiss the section 1692e and 1692f claims under the FDCPA. However, the district court denied the 12(b)(6) motion.  In denying Defendants' Motion

---

[3] Even though the purported Agreement appears to allow interest to accrue after default, the agreement is silent as to whether interest still accrues after charge-off.

to Dismiss, the Court recognized that the NJCFLA requires that persons engaged in business as "consumer lenders" obtain such a license.  N.J. Stat. Ann. § 17:11C-3.  A "'consumer lender" means a person licensed, or a person who should be licensed, under [§§ 17:11C-1 et seq.] to engage in the consumer loan business." Id. § 17:11C-2.  Any person "directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business." Id. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act." Id. § 17:11C-3.

In concluding that Veras had stated a claim under the FDCPA, the Court found persuasive decisions from other federal courts which had considered equivalent circumstances and found that where a debt collector failed to obtain a license or register as a debt collector pursuant to a state statute, that this failure could be the basis for a violation of section 1692e of the FDCPA.  See, Fiorenzano v LVNV Funding, LLC, 2012 WL 2562415, at *4-5 (D.R.I. June 29, 2012) (holding that plaintiff's allegation that LVNV violated section 1692e(10) by failing to register with the State of Rhode Island as a debt collector under the Rhode Island Debt Collector Registration Statute was sufficient to state a claim under the FDCPA where the Rhode Island statute prohibited any person from acting as a debt collector in the state without first registering as such); Russey v. Rankin, 911 F. Supp. 1449, 1459 (D.N.M. 1995) (finding that "Defendant TCA violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f by engaging in collection activity in [New Mexico] without a license," and granting plaintiff summary judgment on those claims); Gaetano v. Payco of Wis., Inc., 774 F. Supp. 1404, 1414-15 (D. Conn. 1990)

(holding that plaintiff was entitled to summary judgment on her section 1692e(10) claim because "the Court finds deceptive the defendant's attempt to collect a debt when prohibited from doing so by Connecticut law").

The Veras Court acknowledged that the NJCFLA prohibits any person from engaging in the consumer loan business who has not yet obtained a license from the Department of Banking and Insurance.  N.J. Stat. Ann. §§ 17:11C-2, C-3.  As such, MRS's attempt to collect Veras' alleged debt on behalf of LVNV, who was not licensed as a consumer lender under the NJCFLA, constituted prohibited conduct under the NJCFLA. Thus, Veras' allegations that LVNV and MRS's attempt to collect Plaintiff's debt in contravention of the NJCFLA were sufficient to support his claim under section 1692e(10) of the FDCPA since Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.[4]

After denying the Defendant's Motion to Dismiss with respect to the 1692e claim, the Veras court then continued its analysis with respect to Plaintiff's claims for violation of 1692f of the FDCPA.  Plaintiff Veras contended that not only were Defendants prohibited from buying Plaintiff's loan and receiving payment on the loan, but they were also prohibited from charging and collecting interest greater than that permitted by state law, which they proceeded to do, but were not allowed to do since they were not properly licensed consumer lenders.  The Court concluded that since Plaintiff Veras challenged the amount sought by LVNV and MRS, in addition to their ability to collect that amount,

---

[4] Since the Court found that Plaintiff had sufficiently alleged a violation under section 1692e(10), it did not consider whether Plaintiff has also sufficiently pled a claim under section 1692e(2).

Veras had sufficiently alleged a claim under 1692f(1).  See, Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 369 (3d Cir. 2011) ("If the agreement does not expressly authorize or state law does not permit the amounts sought, [Plaintiff] has stated a viable claim under [section] 1692f(1)").

The facts of the present case are almost directly analogous to those in Veras.  As in Veras, in the present case neither LVNV (the same defendant as in Veras) nor Resurgent Capital were licensed consumer lenders in the State of New Jersey.  (See, Hersh, Decl.).[5]  Defendant LVNV, a debt buyer, purchased a charged off Citibank consumer account after default.  (Rev. Amended Compl., ¶ 24).  LVNV referred the case to Resurgent for collection.  (Rev. Amended Compl., ¶ 25).  On March 4, 2015, Defendants sent Plaintiff a collection letter seeking to collect post charge-off interest.  (Rev. Amended Compl., ¶¶ 26-29).  However, Plaintiff did not owe that additional interest to Defendants.  (Rev. Amended Compl., ¶ 31).  Defendants were not entitled to demand such interest from Plaintiff.  (Rev. Amended Compl., ¶¶ 31-33).  Therefore, as in Veras, this Court must deny Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's 1692e and 1692f claims since neither Defendant LVNV nor Defendant Resurgent Capital Services was properly licensed under the New Jersey Consumer Financing Act and thus could not collect on plaintiff's purchased account nor attempt to collect interest, whether or not the original Agreement provided for such.

---

[5]  The Court can consider the contents of this declaration since it is based upon a matter of public record.  Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F.Supp.2d 307, 314  (D.N.J. 2010).

**B. In the Court's November 21, 2016 Order, this Court Already
Determined that Plaintiff's Amended Complaint states Claims under
Sections 1692e and 1692f of the FDCPA**

As previously discussed with respect to the <u>Spokeo</u> issue above, this Court had previously determined in its November 21, 2016 Order that Plaintiff had alleged a concrete injury sufficient to support Article III standing.  Similarly, the November 21, 2016 Order also made a determination that the allegations of the Amended Complaint were sufficient to support claims under both sections 1692e and 1692f of the FDCPA.

In the November 2016 Order, relying on the analysis in <u>Veras</u>, this Court acknowledged that Plaintiff has viable claims under 1692e(2),(10) and 1692f(1).  (Nov. 21, 2016 Order at p. 10).  The Court further acknowledged that whether or not Defendant LVNV purchased the rights to Plaintiff's debt with Citibank and the right to collect interest thereon is not relevant if Defendant LVNV was not properly licensed under the NJCFLA at the time it sought collection.   In concluding that Plaintiff has alleged valid claims under the FDCPA, the Court stated:

> Even assuming that Defendant LVNV inherited all of Citibank's rights under its Agreement with Plaintiff, that would not address the licensing issue at the heart of Plaintiff's proposed amendment or the impact of the Veras decision.  Defendants do not account for Veras or the NJCFLA in their opposition . . .

(November 21, 2016 Order, at p. 11).  As such, this Court has clearly determined that the allegations contained in Plaintiff's amended complaint are sufficient to support claims under both 1692e and 1692f.

**C.** **The Purported Agreement Attached To Defendants' Moving Papers Is Extrinsic Evidence Which Cannot Be Properly Relied Upon by the Court For Purposes Of Defendants' Motion for Judgment on The Pleading Under FRCP, Rule 12(c)**

Additionally, much of Defendants argument in support of its Motion for Judgment on the Pleadings with respect to Plaintiff's 1692e and 1692f claims relies on what they claim is the original agreement between Plaintiff and Citibank.  This purported Agreement is attached to Defendants' moving papers.  (See, Siachos Decl., Exh. B.) Thus, even if the Court rejects Plaintiff's argument under <u>Veras</u>, Defendants' Motion for Judgment on the Pleadings must still fail since an integral part of Defendants' argument is based upon the purported Agreement, which is unreliable, extrinsic evidence that cannot be considered for purposes of this motion.

A party may move for judgment on the pleadings after the pleadings are closed, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c).  The Court may grant judgment on the pleadings only if the moving party clearly establishes that there are no material issues of fact to resolve and the moving party is entitled to judgment as a matter of law.  <u>Jablonski v. Pan American World Airways, Inc.</u>, 863 F.2d 289, 290 (3d Cir. 1988).  The Court decides such motions applying the same standard as on a motion to dismiss under Rule 12(b)(6), granting the motion only when it is certain that no relief can be granted on any set of facts.  <u>Taj Mahal Travel, Inc. v. Delta Airlines, Inc.</u>, 164 F.3d 186, 189 (E.D. Pa. 1998); <u>Constitution Bank v. DiMarco</u>, 815 F. Supp. 154, 157 (E.D. Pa. 1993).  The Court must consider the facts presented in the pleadings and inferences drawn therefrom in the light most favorable to the nonmoving party.  <u>Jablonski</u>, 863 F.2d at 291.

18

Generally, for purposes of a motion under Rule 12(c), the Court cannot consider materials extrinsic to the pleadings on a Rule 12(c) motion and if it does, the motion must be treated as one of summary judgment. Fed. R. Civ. Pro. 12(d). The Third Circuit has held, however, that the Rule's language does not prohibit a district court from considering exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F.Supp.2d 307, 314 (D.N.J. 2010). The "critical [issue] is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

In the present case, the Court must not consider the purported Agreement for purposes of this motion for a variety of reasons. First, the purported agreement was not attached to the complaint, but rather was only attached to Defendants' moving papers. Thus, the purported Agreement cannot "automatically" be considered by the Court for purposes of this motion. Second, the purported Agreement is not a public record since it appears that Defendants obtained it by way of subpoena. Third, and importantly, there is no reference to the Agreement in Plaintiff's Amended Complaint. While Plaintiff does make reference to the debt itself in the complaint, **there is no reference in Plaintiff's Complaint to any agreement between Plaintiff and Citibank** or the terms which governed that agreement. As such, there is no reference in the Complaint to the purported Agreement, which Defendants so heavily rely upon. Fourth, there is a factual issue as to whether the purported Agreement that Defendant produced is the relevant agreement. Nothing in the affidavit accompanying the purported Agreement makes

19

reference to any particular account. (See, Siachos Decl., Exh. B.) The purported

Agreement itself does not contain an account number nor Plaintiff's name. Additionally,

Defendants' counsel is not in a position to have personal knowledge as to whether or not

the attached agreement is the one actually governing Plaintiff's account since he is only a

attorney on the case, and not a fact witness. Thus, there is a legitimate, disputed factual

issue as to whether this was the actual written agreement which governed Plaintiff's

account. Fifth, this case is in the very early stages of litigation and the parties have not

yet even served written discovery, which is to be served on or before June 10, 2017.

(Dkt. No. 33). As such, Plaintiff has not yet had the opportunity to conduct any

discovery with respect to the purported Agreement and whether or not the agreement

Defendants rely on is the correct agreement. Plaintiff does not know if this was the

original agreement, whether it applied to Plaintiff's account, whether there were any

amendments to the agreement, etc. Thus, for the Court to rely on the Agreement without

Plaintiff having the opportunity to perform any discovery would be unfair and prejudicial

to Plaintiff. Sixth, the purported agreement only provides that interest accrues after

default. However, the purported agreement is silent on whether interest accrues post

charge-off, which would occur six months after default. As such, the purported

agreement does not address an issue in this case: whether Defendants are entitled to

collect post charge-off interest. Seventh, even if the purported Agreement were in fact

Plaintiff's actual agreement, Defendants may still be barred from collecting post charge-

off interest from Plaintiff because of an express or implicit waiver by Citibank. See,

Terech v. First Resolution Mgmt. Corp., 854 F.Supp.2d 537 (N.D. Ill. 2012); Kuhn v.

Asset Acceptance Capital Corp., 2015 WL 1505648 (S.D. Ind. 2015). Thus, since the

Court cannot rely on the purported Agreement for purposes of the present motion, Defendants' argument that they were entitled to collect post charge-off interest because the Agreement provided for it is premature and without merit.

Therefore, since Defendants were not New Jersey licensed consumer lenders or alternatively because the Court cannot rely on the purported agreement attached to Defendants' motion, Defendants' Motion as to Plaintiffs' section 1692e and 1692f claims must be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings and Dismissal for Lack of standing must be denied.

Dated:  June 5, 2017

Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff and all others*
    *similarly situated*